IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 3:13-CV-24 (CAR) |
| CHARLES MUGOMBA and ROYAL | : | |
| INVENTORY SERVICES, INC., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON MOTION FOR PERMANENT INJUNCTION BY DEFAULT

Before the Court is the Government's Motion for Permanent Injunction by Default [Doc. 7]. On February 27, 2013, the Government filed a Complaint against Defendants Charles Mugomba and Royal Inventory Services, Inc., alleging violations of internal revenue laws and seeking to permanently enjoin Defendants from violating these laws. After Defendants failed to answer or otherwise respond to the Complaint, the Clerk entered default on April 15, 2013. Upon consideration of the Complaint, the Motion, the relevant legal authorities, and the entire record in the case, the Government's Motion for Permanent Injunction by Default [Doc. 7] is **GRANTED**.[1]

### I.     Legal Standard

---

[1] The Court agrees with the Government that a hearing on this Motion is not necessary.

Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default.[2]  The Government has satisfied this requirement.  After entry of default, the Government is required to seek default judgment from the Court.[3]

The mere entry of default by the Clerk does not in itself warrant default judgment by the Court.[4]  Rather, the Court, in its discretion, must find that there is a "sufficient basis in the pleadings for the judgment to be entered."[5]  The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.[6]  The clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted.[7]  The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted.[8]  In considering any default judgment, the Court must examine (1) jurisdiction, (2) liability, and (3) damages.[9]  This Court has jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

## II.    Background

The Court finds the following allegations in the Complaint to be well-pleaded and consequently admitted by Defendants.

---

[2] See Fed. R. Civ. P. 55(a).

[3] Fed. R. Civ. P. 55(b)(2) ("[T]he party entitled to a judgment by default shall apply to the court therefor.").

[4] See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5] Id.

[6] Id.

[7] See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

[8] See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370, n.41 (11th Cir. 1987) (citing Nishimatsu, 515 F.2d at 1206).

[9] See Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353 (S.D. Ga. 2004).

Employers are required to withhold federal income taxes and Federal Insurance Contributions Act ("FICA") taxes from their employees' wages and pay those withholdings to the IRS, in addition to paying their own FICA taxes and Federal Unemployment Tax Act ("FUTA") taxes (collectively referred to as "employment taxes").[10]   Businesses must periodically deposit these employment taxes in an appropriate federal deposit bank in accordance with federal regulations.[11]   In addition, employers are required to file Employer's Quarterly Federal Tax Returns ("IRS Forms 941") and annual FUTA Tax Returns ("IRS Forms 940") reporting such taxes to the IRS and to pay those taxes no later than the time they are required to file the tax returns.[12]

Defendant Royal Inventory Services, Inc. ("Royal Inventory"), as an employer, must comply with these requirements.[13]   Defendant Charles Mugomba incorporated Royal Inventory, an inventory management company in 1991.[14]   Mugomba is the company's owner and sole officer, and he operates the business from his residence in Loganville, Georgia.[15]   In 1992, shortly after its incorporation, Royal Inventory failed to meet its employment tax obligations.[16]   In 1997, IRS Revenue Officers worked with Royal Inventory to bring it into compliance with these regulations.[17]   The instant action

---

[10] 26 U.S.C. §§ 3102, 3401, 3111, 3301; Compl. ¶ 7 [Doc. 1 at 2].
[11] 26 U.S.C. §§ 6302, 6157; 26 C.F.R. §§ 31.6302-1, 31.6302(c)-1, 31.6302(c)-3; Compl. ¶ 8 [Doc. 1 at 2].
[12] 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1; Compl. ¶ 9 [Doc. 1 at 3].
[13] Compl. ¶¶ 7-9 [Doc. 1 at 2-3].
[14] *Id.* at ¶ 6.
[15] *Id.*
[16] *Id.* at ¶ 10.
[17] *Id.*; Basden Aff. ¶ 4 [Doc. 7-1 at 2].

arises out of Royal Inventory's failure to pay the balance owed in employment taxes beginning in 2006.[18]

Defendants filed Form 941 tax returns but failed to submit any payments from the 3rd Quarter of 2006 until the 2nd Quarter of 2007 and from the 2nd Quarter through the 4th Quarter of 2008.[19]  From the 3rd Quarter of 2007 through the 1st Quarter of 2008, Defendants eventually paid their employment taxes for this period, but not until the IRS levied funds to satisfy part of the company's tax debts.[20]

In March of 2009, the IRS formally notified Royal Inventory of its failure to comply with the internal revenue laws.[21]  On March 13, 2009, Mugomba signed forms acknowledging his personal liability for penalties under 26 U.S.C. § 6672 as a responsible officer of Royal Inventory who willfully failed to pay over federal income and FICA taxes withheld from the wages of company employees.[22]  Subsequently, from the 1st Quarter of 2009 through the 2nd Quarter of 2010, Defendants eventually paid their employment taxes, but not until the IRS again levied funds for this period.[23]

Defendants again failed to pay any of the company's employment taxes beginning the 3rd Quarter of 2010 until the 3rd Quarter of 2012.[24]  Although Royal Inventory filed Form 941 tax returns for the 3rd Quarter of 2010 through the 4th Quarter

[18] Compl. ¶¶ 11-19 [Doc. 1 at 3-4]; Basden Aff. ¶¶ 5-14 [Doc. 7-1 at 2-3].
[19] Compl. ¶¶ 11, 13 [Doc. 1 at 3]; Basden Aff. ¶¶ 5, 7 [Doc. 7-1 at 2].
[20] Compl. ¶ 12 [Doc. 1 at 3]; Basden Aff. ¶ 6 [Doc. 7-1 at 2].
[21] Compl. ¶ 14 [Doc. 1 at 3]; Basden Aff. ¶ 8 [Doc. 7-1 at 2].
[22] Compl. ¶ 15 [Doc. 1 at 3-4]; Basden Aff. ¶ 9 [Doc. 7-1 at 2-3].
[23] Compl. ¶ 16 [Doc. 1 at 4]; Basden Aff. ¶ 10 [Doc. 7-1 at 3].
[24] Compl. ¶ 17 [Doc. 1 at 4]; Basden Aff. ¶ 11 [Doc. 7-1 at 3].

4

of 2011 and its Form 940 tax return, it failed to pay the balances due.[25]   For 2012, Defendants did not file any quarterly Form 941 tax returns, but did submit $3,323.35 on February 1, 2013, which the IRS posted to the company's account for the 4th Quarter of 2012.[26]   Similarly, Defendants did not file a Form 940 tax return for 2012, but did submit $84.00 on February 1, 2013, which the IRS posted to the company's account for 2012.[27]

As of February 25, 2013, the total amount of Defendants' delinquent tax liabilities is approximately $121,979.69, including penalties and interest.[28]   Teresa Basden, an IRS Revenue Officer, has testified that the IRS is unable to collect sufficient funds from Defendants to satisfy the company's unpaid employment tax liabilities.[29]   Royal Inventory itself has no assets other than ten inventory calculators, the total value of which is estimated at approximately $1,500.[30]   The IRS levies on the company's bank account and accounts receivables have yielded only minimal funds.[31]   Consequently, the IRS has deemed Royal Inventory's outstanding employment liabilities uncollectable.[32]   Further, collecting Mugomba's individual trust fund recovery penalty

---

[25] Compl. ¶¶ 17, 18 [Doc. 1 at 4]; Basden Aff. ¶¶ 11, 13 [Doc. 7-1 at 3].
[26] Compl. ¶ 17 [Doc. 1 at 4]; Basden Aff. ¶ 12 [Doc. 7-1 at 3].
[27] Compl. ¶ 18 [Doc. 1 at 4]; Basden Aff. ¶ 13 [Doc. 7-1 at 3].
[28] Compl. ¶ 19 [Doc. 1 at 4]; Basden Aff. ¶ 14 [Doc. 7-1 at 3].
[29] Basden Aff. ¶ 14 [Doc. 7-1 at 3]; Compl. ¶ 19 [Doc. 1 at 4].
[30] Basden Aff. ¶ 14 [Doc. 7-1 at 3]; Compl. ¶ 19 [Doc. 1 at 4].
[31] Basden Aff. ¶ 15 [Doc. 7-1 at 4]; Compl. ¶ 20 [Doc. 1 at 5].
[32] Compl. ¶ 20 [Doc. 1 at 5]; Basden Aff. ¶ 15 [Doc. 1 at 4].

liabilities only produced limited success, and thus, the IRS has determined that the penalties assessed against Mugomba are also uncollectable.[33]

Based on the foregoing, the Government now seeks to permanently enjoin Defendants from (1) failing to pay over to the IRS federal taxes withheld from the wages of Royal Inventory's employees; (2) failing to make timely federal employment and unemployment tax deposits and payments to the IRS; and (3) failing to timely file federal employment and unemployment tax returns.

## III.    Discussion

26 U.S.C. § 7402(a) authorizes district courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws."[34]   The Government argues that the Court should apply the "necessary or appropriate" standard in this case, in lieu of traditional equitable factors, to determine whether an injunction is appropriate.[35]   However, in the Eleventh Circuit, "the decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district

---

[33] Basden Aff. ¶ 16 [Doc. 7-1 at 4]; Compl. ¶ 21 [Doc. 1 at 5].

[34] 26 U.S.C. § 7402(a); *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984) ("The language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws" and, therefore can be used to enjoin interference with tax enforcement "even when such interference does not violate any particular tax statute.").

[35] *See, e.g., United States v. Stoll*, No. C05-0262RSM, 2005 WL 1763617, at *8 & n.6 (W.D. Wash. June 27, 2005) (holding that "the United States need only meet those criteria [in §§ 7402(a) and 7408], without reference to the traditional equitable factors, for a court to issue a permanent injunction under these sections"); *see also United States v. Colo. Mufflers Unlimited*, No. 03-cv-1310, 2007 WL 987459, at *4 (D. Colo. Mar. 30, 2007 )("upon statutory grant of authority to issue injunctions, the traditional equitable factors … need not be proved"); *United States v. Sifuentes*, No. SA-05-CA-197, 2005 WL 3627339, at *5 (W.D. Tex. Nov. 28, 2005) ("the Court need not consider the traditional equity factors when issuing a statutory injunction").

court's use of the equitable remedy."[36]   Indeed, when Congress authorizes injunctive relief, as it has here, "it implicitly requires that the traditional requirements for an injunction be met <u>in addition to</u> any elements explicitly specified in the statute."[37] Consequently, the Court considers the "necessary or appropriate" standard in addition to, rather than lieu of, the traditional equitable factors.

Pursuant to traditional principles of equity, a plaintiff seeking a permanent injunction must show the following: (1) an irreparable injury; (2) the remedies available at law, including monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.[38]   The Government has met its burden in this case.

First, Defendants' violation of the internal revenue laws has caused the United States to suffer irreparable harm.   Regardless of whether the employer actually pays such funds to the United States, the IRS must credit the funds an employer withholds against employees' individual income tax liabilities.[39]   Consequently, the Government has lost not only Defendants' unpaid FICA and FUTA tax contribution, but also their employees' FICA and federal income tax payments, the total of which is more than

---

[36] *Ernst*, 735 F.2d at 1301.
[37] *Klay v. United Healthgroup, Inc.*, 376 F.3d 1096, 1098 (11th Cir. 2004) (emphasis added).
[38] *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).
[39] 26 U.S.C. § 31(a); Treas. Reg. § 1.31-1(a).

$120,000.  Moreover, Defendants' actions, or lack thereof, will continue to cause the Government to suffer irreparable harm because Royal Inventory has not filed any tax returns for 2012.

In this respect, the United States also lacks an adequate legal remedy to address the injuries Defendants have caused.  Over the past six years, Defendants have either failed to pay taxes altogether or failed to pay them in a timely manner, despite the IRS's continued attempts to bring Defendants into compliance with internal revenue laws. Presently, the IRS is unable to collect the remainder of Defendants' tax liabilities and has determined Defendants' tax liabilities to be uncollectable.  Royal Inventory has no assets, other than $1500.00 in calculators, and levies on Royal Inventory's bank account and accounts receivables have yielded only minimal funds.  Likewise, the IRS had limited success in collecting penalties assessed by Mugomba and has deemed those penalties uncollectable as well.  Consequently, a monetary remedy is not available.

Additionally, without injunctive relief, the IRS must continue the interminable cycle of expending considerable resources to determine Defendants' tax liability and to collect past-due taxes, neither of which (the resources expended nor the past-due taxes) are ultimately recoverable.[40]   An injunction, however, would allow the IRS to compel

---

[40] *See United States v. Schulz*, 529 F. Supp. 2d 341, 353 (N.D. N.Y. 2007) (analyzing injunctive relief under a different section of the IRS code and stating that the time spent by IRS officers in collection activities warranted injunctive relief); *United States v. Molen*, No. CIVS-03-1531 DFL GGH, 2003 WL 23190606, at *11 (E.D. Cal. Dec. 12, 2003) ("Relegating the government to its usual remedies would simply feed into this plan in that obstruction would continue not only for past debts owed, but also future ones.  Each year's

Defendants to satisfy their legal obligations. Thus, the Court concludes that the Government has sufficiently demonstrated that it lacks an adequate legal remedy to address its injury.

Further, the balance of hardships undoubtedly weighs in favor of injunctive relief. Defendants have operated their business for years without paying employment taxes. The Government is harmed by the lack of revenue and the enormous expenditure of resources for the IRS officers to determine tax liability and attempt to collect, and the Government argues persuasively that Defendants will continue to conduct their business without paying deposits to the United States. Moreover, a permanent injunction would not impose any new requirements on Defendants as it would, in large part, require Defendants to adhere to their existing legal obligation to pay taxes, and compliance with the injunction would allow them to avoid accruing penalties or interest on their future tax liabilities. To the extent that additional action is required, it is de minimus. Accordingly, this factor weights in favor of entering an injunction.

Fourth, the public interest will not be disserved by an injunction. An injunction will permit the United States to compel Defendants to pay their federal taxes, thus allowing the government to collect Defendants' taxes without first exerting considerable

---

levy or assessment would be subject to stall tactics and the like until such time … the monies owed would dwarf any ability to pay by defendants.").

public resources.[41]   Moreover, the public has an interest in tax compliance, and, consequently, would only stand to benefit by such an injunction.[42]

Lastly, a permanent injunction is both necessary and appropriate to enforce the internal revenue laws.  As discussed, the IRS has deemed Defendants' tax liabilities to be uncollectable.  Allowing Defendants to continue to fail to pay their tax obligations will only further compound the United States' loss.  Moreover, a permanent injunction will permit the Government to compel Defendants to fulfill their legal obligations, an option not presently available to the Government.

## IV.    Conclusion

Based on the foregoing, the Court finds that a permanent injunction is warranted in this case.  Accordingly, Defendant's Motion Permanent Injunction by Default [Doc. 7] is **GRANTED**.   The Clerk of Court is **DIRECTED** to send a copy of this Order to Defendants by Certified Mail at the address where service was purportedly obtained on Defendants.

The following injunctive relief is hereby **ORDERED**:

1. Charles Mugomba and Royal Inventory Services, Inc., and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and

---

[41] *See Perez v. Ledesma*, 401 U.S. 82, 108 (1971) ("Taxes are the lifeblood of the government, and their prompt and certain availability an imperious need.").

[42] *See Mama's Enters., LLC v. United States*, 883 F. Supp. 2d 1128, 1138 (N.D. Ala. June 8, 2012) (finding that "the prompt and efficient collection of taxes" to be in the public interest); *see also United States v. Lee*, 455 U.S. 252, 260 (1982) ("Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes afford no basis for resisting the tax.").

anyone in active concert or participation with them, are enjoined from failing to withhold and pay over to the IRS all employment taxes, including federal income and FICA taxes, required by law;

2.  Charles Mugomba and Royal Inventory Services, Inc. shall segregate and hold apart from all other funds all monies withheld from employees or collected from others under any internal revenue law of the United States and deposit the monies so withheld and collected, as well as the employer's share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

3.  Charles Mugomba and Royal Inventory Services, Inc. shall deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with the federal deposit regulations;

4.  For a period of five years, Charles Mugomba and Royal Inventory Services, Inc., and those individuals at Royal Inventory Services who are responsible for carrying out the duties established under paragraphs (2) and (3), shall sign and deliver affidavits to IRS Revenue Officer Teresa Basden, or to such specific person or location as the IRS directs, on the first day of each month, stating that the requisite withheld income, FICA, and FUTA tax deposits were timely made;

5.  Charles Mugomba and Royal Inventory Services, Inc. shall timely file all Form 941, employment tax returns, and Form 940, unemployment tax returns, with IRS

11

Revenue Officer Teresa Basden or with such specific person or at such specific location as the IRS may deem appropriate;

6. Charles Mugomba and Royal Inventory Services, Inc. shall timely pay all required outstanding liabilities due on each tax return required to be filed;

7. Charles Mugomba and Royal Inventory Services, Inc., and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, in the event all required outstanding liabilities due on each tax return required to be filed going forward from the date of the injunction are not timely paid, are enjoined from assigning any property or rights to property or making any disbursements before paying the delinquent federal employment and unemployment taxes due for a given payroll period;

8. Charles Mugomba and Royal Inventory Services, Inc. shall notify the IRS of their future employment tax conduct with respect to any new or presently unknown company, and Charles Mugomba shall notify IRS Revenue Officer Teresa Basden, or such other person as the IRS directs, in the future of any new company he may come to own, manage, or work for in the next five years;

9. Charles Mugomba and Royal Inventory Services, Inc. shall deliver to all of their current employees, and any former employees, employed at any time since January 1, 2009, a copy of the Court's findings and permanent injunction;

10. Charles Mugomba and Royal Inventory Services, Inc. shall post and keep posted for five years in one or more conspicuous spaces on their business premises where notices to employees are customarily posted, a copy of the Court's findings and permanent injunction.

The Court hereby retains jurisdiction over this case to ensure compliance with this injunction, including authority to punish their violation as contempt of court.

**SO ORDERED,** this 29th day of May, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH/bbp